FORD W. BENEDICT, Appellant, v. CHICAGO GREAT WESTERN RAILWAY COMPANY, Respondent.

**Kansas City Court of Appeals, January 4, 1904.**

1. **MASTER AND SERVANT: Negligence: Unusual Act: Stopping Freight Train.** If the master performs an act in the usual way, there is no negligence, but if the manner of doing the act is unusual and injury results to the servant the master is liable; and where a freight train is stopped by an emergency brake in the place of the usual and ordinary service brake without any occasion for such emergency stop there would appear to be negligence.

2. ————: ————: **Two Methods of Acting: Brakeman on Rear Platform.** The rule that an employee who has two ways in performing his labor, one safe and the other dangerous, and voluntarily chooses the latter is guilty of contributory negligence, has no application to the facts of this case where a brakeman, as the train was slowing up at a water tank took his lantern and "markers," and braced himself on the rear platform for the purpose of hanging the "markers" when the train stopped, and was thrown from the platform by an unnecessary emergency stop.

3. ————: **Injury in Sister State: Recovery in Missouri.** A brakeman injured by his master's negligence in Iowa may recover on the statute of that State in a suit brought in this State.

Appeal from Buchanan Circuit Court.—*Hon. W. K. James,* Judge.

REVERSED AND REMANDED.

*C. F. Strop* and *W. K. Amick* for appellant.

(1) Section 2002 of the statutes of Iowa was introduced in evidence. (2) The courts of this State will enforce the statutes of a sister State. R. S. 1899, sec. 547; Guerney v. Moore, 131 Mo. 650.

*James C. Davis* for respondent.

(1)  In an action by a servant against his master, wherein the former sustains injuries which he charges to be due to the negligence of the latter, no presumption on the part of the latter will be indulged.  The negligent act of the master must be established and the burden of establishing it is on the servant.  Smith v. Railway, 113 Mo. 70; O'Mallry v. Railway, 113 Mo. 319; Dowell v. Guthrie, 99 Mo. 653; Dowell v. Guthrie, 116 Mo. 646; Murray v. Railway, 101 Mo. 236.  (2)  The application of an emergency brake upon a locomotive attached to a train in motion is not, of and in itself, a negligent act, and if such application is made it will be presumed that it was made in the proper exercise of the use for which it was intended, unless the contrary appears by evidence.  (3)  Where there are two ways in which a given act may be performed, and the person engaged in the performance of the act voluntarily selects the dangerous way when a safer one is apparent to him and is thereby injured, he is guilty of contributory negligence.  Moore v. Railway, 146 Mo. 572; Bolt & Iron Co. v. Brenhen, 20 Ill. App. 555; Bolt & Iron Co. v. Burke, 12 Ill. App. 369; Anderson v. Railway, 39 Minn. 523.

BROADDUS, J.—The plaintiff was a rear brakeman on one of the defendant's freight trains.  The train on which he was injured was going from Des Moines, Iowa, to St. Joseph, Mo., on March 16, 1901.  There were sixteen cars in the train.  The first ten cars back from the engine were equipped with the airbrake; the six rear cars were not equipped with the airbrake.  The airbrake was controlled and operated by the engineer on the engine. For all ordinary stops, such as stopping at stations and water tanks, and all cases except emergency, the "service stop," as it was termed, was used. The "service stop" checked the train gradually,

but did not lock the wheels. The "emergency stop" was used only for a sudden stop in case of danger, and was a full application of all the brake power, which had the effect of locking the wheels. If a train was moving at a rate of four or five miles per hour and the "emergency brake" was applied it would lock the wheels hard. The effect of stopping the train was almost instantly, and the shock and recoil was unusually severe; while if the "service brake" was applied it would stop the train gradually, and there was no recoil. It was unusual to use the "emergency brake," and when it was applied persons about the train could generally hear the explosive sound which it made.

On the day and at the time plaintiff was injured the train was running at the rate of about four or five miles per hour and was approaching the water tank at Peru, Iowa, for the purpose of supplying the engine with water. It was then getting dusk. Plaintiff had been riding in the cupola of the caboose. Another train was following. As the train approached Peru and was slowing down plaintiff climbed down from the cupola, got his red lantern and the "markers" ready. "Markers" were red lights to be hung on both sides of the rear end of the caboose to designate the rear end of the train. It was plaintiff's duty to put these markers in place. Plaintiff stepped out on the rear platform with the red lanterns and "markers" in his hands. He set one of the "markers" and the lantern down on the platform. He took the other "marker" in one hand, and, holding it by the bail, grasped the iron railing of the platform, and grasped a handhold on the end of the car with the other hand, braced his feet, one against the iron railing and the other against the body of the car, and stood in this braced position waiting for the train to stop. This position was reasonably safe if the train had been properly managed, but while in this position the engineer applied the "emergency brake," which stopped the train almost instantly. The shock was so violent that it tore

Benedict v. Railway Co.

plaintiff's grasp loose and threw him against the end of the caboose, and the recoil cast him back off the platform on to a bridge and down into a creek. Both of the plaintiff's arms were broken by the fall, and he received other wounds and bruises.

The plaintiff's petition based his right to recover on the ground of negligence of the engineer in applying the emergency brake which was the alleged cause of the injury. The statute of the State of Iowa, where the injury was received, was pleaded and also introduced in evidence. This statute gives a right of action against a railroad company operating a railroad in that State to any employee for damages sustained in consequence of the neglect of a fellow-servant. Section 2002, Statutes of Iowa.

The defense was a general denial and also allegations constituting contributory negligence. At the close of plaintiff's case the court sustained a demurrer to his evidence. It is the contention of plaintiff that the application of the emergency brake under the circumstances was unnecessary and consequently constituted negligence. On the other hand, defendant contends that that act alone did not of itself amount to negligence. The record does not explain why the engineer applied the emergency brake in approaching the water tank instead of what is known as the ''service stop,'' the first being adapted and used in instances of emergency, as its name implies, and the latter being used in ordinary cases where a stoppage of the train can be accomplished by a gradual application of the brakes.

We are confronted at the beginning with the question of whether the circumstances in proof would authorize a finding that no such emergency existed as justified the engineer in applying the emergency brake in question. Notwithstanding that ordinarily the ''service stop'' should have been applied, there might have existed some cause which rendered the application of the other brake necessary. Yet, it having been shown

that the use of the latter was unusual and unnecessary on such occasions and it not being shown that its use was demanded or made necessary on the present occasion when it was the cause of plaintiff's injury, the natural and legitimate conclusion is that the act was negligent; and it devolved upon defendant to rebut such conclusion by showing that notwithstanding what was both unusual and unnecessary ordinarily, was demanded by the circumstances at the time in question.

An act which is performed in the usual manner in practice for the doing of such acts is presumed in law to be reasonably safe, and a servant injured while in the service of the master on such occasions is held to have assumed the risk, and the master is not liable to the servant for his damages. But if the mode adopted by the master is unusual and the servant is injured by reason thereof, the servant does not assume the risk and the master is liable for damages suffered by the servant. And the reason for holding the master liable to the servant under the facts in this case are much stronger, as it was shown that the act of the engineer, which was the act of the master, was not only unusual but, prima facie, unnecessary.

But it is contended by defendant that the plaintiff by his carelessness contributed to his own injury, in that he should have waited for the train to stop at the water tank before he went upon the platform to hang out the signal lights at the rear end of the train. What is meant is, that there was open to him two ways for putting out the signal lights: one to wait until the train stopped at the water tank when he should then have gone upon the platform and place his signals; and the other method was the one he adopted. And that as he selected the dangerous way he was guilty of contributory negligence and consequently not entitled to recover.

In Moore v. Railway, 146 Mo. 572, the court held that: "An employee who has a choice of two ways of

performing his labor for his master, one of which is perfectly safe, the other subject to risks and dangers, and voluntarily chooses the latter, is guilty of contributory negligence and can not recover for the injuries resulting from such choice.'' But we do not think the rule should be applied as a matter of law to the facts of this case so as to prevent a recovery; for the reason that ordinarily the mere fact that plaintiff was upon the platform of the car for the purpose of placing the signals when the train should stop at the water tank was not an act accompanied with much risk or danger. At most it was a question for the jury whether under the circumstances plaintiff was guilty of negligence. It is a matter of common observation that brakemen are by the very necessities of their employment required for many purposes to be upon the platforms of the cars while the trains are in motion. However, had the plaintiff here known that the emergency brake was to be applied by the engineer to stop the train, he would have been guilty of negligence in having chosen for the performance of his duty a time fraught with danger.

As the injury to plaintiff was sustained while he was in the State of Iowa he seeks to recover under the laws of that State. This he may do. Guerney v. Railway, 131 Mo. 650; R. S. 1899, sec. 547, p. 238.

For the reasons given the cause is reversed and remanded. All concur.